This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NO. A-1-CA-38035**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**ORLANDO O.,**

       Respondent-Appellant.

and

**LEANDRA B.,**

       Respondent.

**IN THE MATTER OF
AHONESTY O.,**

       Child.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Allen R. Smith, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Esteli C. Juarez
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Respondent (Father) appeals the district court's order terminating his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Father continues to argue the evidence was inadequate to establish that the Children, Youth & Families Department (CYFD) made reasonable efforts to assist him in remedying the causes and conditions that brought Child into custody. [MIO 1-2, 8-13] In our calendar notice, we discussed the reasonableness of CYFD's efforts, and proposed to conclude that the district court did not err in determining CYFD's efforts were reasonable. [CN 3-8] *See State ex rel. Children, Youth & Families Dep't v. Keon H.*, 2018-NMSC-033, ¶ 41, 421 P.3d 814 (stating that, with regard to CYFD's efforts, "we have traditionally considered the totality of the circumstances when reviewing the district court's determination"). We proposed to conclude the district court did not err in finding that CYFD made appropriate referrals to outpatient and inpatient treatment programs for substance abuse treatment and other mental health services to address Father's needs and the causes and conditions of Child's neglect, and that CYFD attempted to maintain contact with Father and engage him in services. [CN 4; 2 RP 379-80]

**{3}** Father argues CYFD should have assisted him in obtaining assistance for addiction, public benefits, housing, transportation, and other financial assistance. [MIO 9-13] Father also asserts he did not have the capacity to pursue any benefits on his own, or to recognize that he might be entitled to benefits. [MIO 9-11] However, Father's claims are based in large part on speculation rather than evidence in the record. [MIO 9, 11] *Cf. Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In addition, the possibility that CYFD could have done more to assist Father does not render CYFD's efforts unreasonable. [CN 6-7] *See Keon H.*, 2018-NMSC-033, ¶¶ 41, 43 (noting that, in reviewing the district court's conclusion regarding reasonable efforts, we

consider the totality of the circumstances and concluding that "[CYFD's] efforts, although imperfect, were reasonable").

**{4}** As we discussed in our calendar notice, CYFD provided Father with a plan to address his substance abuse. [CN 4; 2 RP 379] Although Father claims CYFD worker Brandi Castillo did not actually make a referral for mental health services, he does not contest that CYFD permanency planning worker Esperanza Saiz referred Father to both outpatient and inpatient treatment programs for substance abuse and other mental health services. [MIO 3-4; 2 RP 379] Father argues that CYFD should have done more to assist Father, such as helping him with renewing his Medicaid eligibility. [MIO 9-12] However, Father explains such a task is typically performed by prison and jail caseworkers, which suggests CYFD would have had no reason to believe it needed to assist Father in this regard. [MIO 10] *See State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 (explaining that on appeal we view the evidence in the light most favorable to the prevailing party). Father likewise provides no legal authority in support of his arguments that CYFD must have done more to assist him with transportation, financial assistance, housing, and other public benefits. [MIO 9-13] We see no basis for Father's complaint that the law required more of CYFD under the circumstances. *See State ex rel. Children, Youth & Families Dep't v. in Patricia H.*, 2002-NMCA-061, ¶ 28, 132 N.M. 299, 47 P.3d 859 ("[O]ur job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law.").

**{5}** To the extent Father argues CYFD's efforts were not reasonable because it moved to terminate Father's rights a little over a year after taking custody, thus providing assistance for a time period less than what is "standard" [MIO 8-9], we note that while "[t]he fifteen-month period described in [the Adoption and Safe Families Act of 1997 (AFSA)] for 'time-limited reunification services' provides us some guidance in how we assess the duration of reasonable efforts under state law[,]" we also have recognized that the purpose of AFSA is to "encourage[] states to move more quickly to terminate parental rights and give[] states a financial incentive to increase the number of adoptions." *Id.* ¶ 26. Hence, ASFA defines a limit to the duration of CYFD's services, not a minimum period. The Abuse and Neglect Act also recognizes a limit to the duration of CYFD's efforts. *State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 21, 136 N.M. 53, 94 P.3d 796 (stating that, like ASFA, "[s]tate law allows a reunification plan to be maintained for a maximum of fifteen months as well"); *see, e.g.*, NMSA 1978, § 32A-4-29(A) (2009) (stating that "[a] motion to terminate parental rights may be filed at any stage of the abuse or neglect proceeding").

**{6}** Moreover, as we have previously emphasized, the reasonableness of CYFD's efforts depends not only on the duration of efforts provided, but on the "totality of the circumstances," which may include "the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting." *See Keon H.*, 2018-NMSC-033, ¶ 41 (internal quotation marks and citation omitted). As we explained in our calendar notice, while Father did make some efforts to

comply with his treatment plan, he did not participate in drug testing as required, missed appointments, and did not attend all scheduled visits with Child. [CN 7; 2 RP 379-81] In addition, during the hearing on August 14, 2018, Father tested positive for THC, Methamphetamine, and MDMA. [CN 7; 2 RP 381]

{7}    Finally, we address Father's argument, raised for the first time in his memorandum in opposition, that the district court should have considered less drastic alternatives prior to termination of Father's parental rights. [MIO 13-17] Father has pointed to nothing in the statute requiring the district court to consider guardianship before terminating parental rights. Indeed, nothing in the statute requires a court to consider guardianship as an alternative to termination. *See* NMSA 1978, § 32A-4-28(B)(2) (2005). To the extent Father argues otherwise, we note that our decision is consistent with prior decisions of this Court, and that this Court has recently rejected a similar argument. *See State ex rel. Children, Youth & Families Dep't v. Amie W.*, A-1-CA-37840, memo op. ¶¶ 28-30 (N.M. Ct. App. Dec. 18, 2019) (non-precedential). Accordingly, we conclude that the district court was not required to find that guardianship was not in Child's best interests before terminating Father's parental rights to her.

{8}    For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order terminating Father's parental rights.

{9}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**BRIANA H. ZAMORA, Judge**